# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL BRUCE CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | Case No. 1:24-cv-00211-SAB-HC<br><br>ORDER EXPANDING THE RECORD AND DIRECTING RESPONDENT TO FILE ADDITIONAL MATERIALS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"), serving a sentence imposed by the United States District Court for the Eastern District of Washington. (ECF No. 1 at 1.[1]) At FCI Mendota, Petitioner was charged with destruction and disposal of an item during attempt to search, in violation of BOP Code 115, on March 14, 2023. (App. 18, 23.[2]) On April 5, 2023, the Disciplinary Hearing Officer ("DHO") held a hearing and found Petitioner violated BOP Code 115. (App. 18–19.)

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "App." refers to the Appendix filed by Respondent. (ECF No. 12-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

1

On February 16, 2024, Petitioner filed a federal petition for writ of habeas corpus challenging the disciplinary proceeding. (ECF No. 1.) Petitioner asserts, among other grounds, that as of the date he filed the federal habeas petition, he had not been provided with the DHO Report. (Id. at 6, 13.) Respondent filed a motion to dismiss the petition for nonexhaustion, but also argued that the petition should be denied on the merits. (ECF No. 12.)

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived, id., and "is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury," Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991). "The Supreme Court established in Wolff v. McDonnell that there are procedural due process rights that a prisoner must be afforded in the context of a prison disciplinary proceeding prior to being deprived of a protected liberty interest," Melnik v. Dzurenda, 14 F.4th 981, 985 (9th Cir. 2021), including "a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action," Wolff v. McDonnell, 418 U.S. 539, 564 (1974).

The DHO Report itself has a notation that the report was emailed/delivered to Petitioner on April 17, 2023 at 11:30 a.m. (App. 21.) In one of his administrative remedy requests attached to the petition, Petitioner noted that the "DHO files his responses electronically as he is not present at Mendota FCI. It is the staff at Mendota that is responsible for ensuring inmates are delivered their DHO reports. Whomever this staff member is, is not doing their job. Many individuals, including myself, have not and are not being delivered their DHO reports within 15 working days or if at all." (ECF No. 1 at 27.)

The record before the Court reflects that Petitioner filed an appeal at the Regional Level, Regional Administrative Remedy Appeal 1165506-R1, that was denied on August 17, 2023. (ECF No. 1 at 17; App. 6.) In its denial of relief, the Western Regional Office stated that "to ensure your due process rights are satisfied, we have taken the liberty to provide you with a copy

of your DHO Report." (EC No. 1 at 17.) However, Petitioner alleges that the DHO Report in fact was not included in the Western Regional Office's response and he had his "Counselor witness the report was not included when he gave me the denial paper's [sic]." (Id. at 10, 13.)

Petitioner filed an appeal to the Central Office, Central Office Remedy Appeal 1165506-A1, that was denied on September 14, 2023, because Petitioner did not provide a copy of his regional office administrative remedy appeal (BP–10) form or a copy of the (BP–10) response from the Regional Director. The denial indicated that Petitioner could resubmit his appeal in proper form within fifteen days of the date of the rejection notice. (ECF No. 1 at 25.)

Petitioner filed another appeal to the Central Office, Central Office Remedy Appeal 1165506-A2, that was denied on December 4, 2023, because the appeal of the rejection was untimely, Petitioner did not provide staff verification stating that the untimeliness was not Petitioner's fault, and Petitioner did not provide a copy of the DHO Report he wished to appeal or identify the charges and date of the DHO action. (ECF No. 1 at 28.) Petitioner contends that he has not received the DHO Report as of the time he filed the instant habeas petition. (Id. at 6, 13.)

The Court finds that expansion of the record is necessary because the record currently before the Court is not sufficient to decide the petition, specifically regarding whether Petitioner was provided a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action in accordance with Wolff. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules")[3] provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition," including documents, exhibits, and affidavits. Habeas Rule 7(a), (b). Accordingly, the Court will direct Respondent to provide additional materials, such as affidavits or declarations from the relevant BOP employees who provided Petitioner with a copy of the DHO Report, and will give Petitioner "an opportunity to admit or deny their correctness." Habeas Rule 7(c). The Court will

---

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

consider holding an evidentiary hearing in the event the documentary evidence is insufficient to decide the issue.

Accordingly, IT IS HEREBY ORDERED that:

1. No later than September 30, 2024, Respondent SHALL FILE any and all documents and materials necessary for the resolution of the issues presented in the petition, specifically regarding whether Petitioner was provided a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action in accordance with Wolff.
2. Within fourteen (14) days of the date of service of Respondent's additional materials, Petitioner may file a response.

IT IS SO ORDERED.

Dated:   **August 15, 2024**

UNITED STATES MAGISTRATE JUDGE