1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| RUSSEL BRUCE CLARK, | Case No. 1:24-cv-00211-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING EVIDENTIARY HEARING ON GROUND ONE AND DENIAL OF REMAINING GROUNDS FOR RELIEF |
| v. | |
| WARDEN, FCI MENDOTA, | |
| Respondent. | (ECF No. 12) |
| | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

9

10

11

12

13

14

15

16      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2241.

18                                              **I.**

19                                     **BACKGROUND**

20      Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal

21   Correctional Institution in Mendota, California ("FCI Mendota"), serving a sentence imposed by

22   the United States District Court for the Eastern District of Washington. (ECF No. 1 at 1.[1]) On

23   March 14, 2023, Petitioner was charged with destruction and disposal of an item during attempt

24   to search, in violation of BOP Code 115. (App. 18, 23.[2]) On April 5, 2023, Disciplinary Hearing

25   Officer ("DHO") D.E. Tyson ("DHO Tyson") held a hearing and found Petitioner violated BOP

26   Code 115. (App. 18–19.)

27   _____

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

28   [2] "App." refers to the Appendix filed by Respondent. (ECF No. 12-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

1    On February 16, 2024, Petitioner filed the instant petition for writ of habeas corpus,

2  asserting the following claims for relief: (1) not providing the DHO report within the time frames

3  set forth in Program Statement 5270.09, Chapter 5, 541.8; (2) the Western Regional Office failed

4  to enter Petitioner's BP–10 into SENTRY the day it was received; (3) the Western Regional

5  Office violated due process under Program Statement 1330.18; and (4) the Central Office

6  violated due process when it rejected Petitioner's appeal because he did not provide a copy of the

7  DHO report. (ECF No. 1 at 6–7.) Respondent filed a motion to dismiss the petition for

8  nonexhaustion, but also argued that the petition should be denied on the merits. (ECF No. 12.)

9  To date, Petitioner has not filed an opposition or statement of nonopposition to the motion to

10  dismiss, and the time for doing so has passed.

11    On August 16, 2024, the Court ordered expansion of the record and directed Respondent

12  to file additional materials. (ECF No. 14.) On September 30, 2024, Respondent filed additional

13  materials. (ECF No. 15.) To date, Petitioner has not filed any response to the additional

14  materials, and the time for doing so has passed.

15                                              **II.**

16                                        **DISCUSSION**

17    **A. Exhaustion**

18    "As a prudential matter, courts require that habeas petitioners exhaust all available

19  judicial and administrative remedies before seeking relief under § 2241." <u>Ward v. Chavez</u>, 678

20  F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional

21  prerequisite, exhaustion can be waived, <u>id.</u>, and "is not required if: (1) administrative remedies

22  would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or

23  constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to

24  prevent irreparable injury," <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1019 (9th Cir. 1991).

25    There is a two-level review process for appeals of DHO disciplinary proceedings. DHO

26  appeals are submitted initially to the Regional Director using a BP–10 form. 28 C.F.R.

27  §§ 542.14(d)(2), 542.15(a). "The inmate may appeal an adverse decision by the Regional

28  Director to the Central Office (also called the General Counsel) of the BOP using a BP–11

1   form. The BP–11 must be submitted to the Central Office within 30 calendar days from the date

2   of the Regional Director's decision." Nunez v. Duncan, 591 F.3d 1217, 1219–20 (9th Cir. 2010)

3   (citing 28 C.F.R. § 542.15(a)).

4          The record before the Court reflects that Petitioner filed an appeal at the Regional Level,

5   Regional Administrative Remedy Appeal 1165506-R1, that was denied on August 17, 2023.

6   (ECF No. 1 at 17; App. 6.) Petitioner filed an appeal to the Central Office, Central Office

7   Remedy Appeal 1165506-A1, that was denied on September 14, 2023, because Petitioner did not

8   provide a copy of his regional office administrative remedy appeal (BP–10) form or a copy of the

9   (BP–10) response from the Regional Director. The denial indicated that Petitioner could

10  resubmit his appeal in proper form within fifteen days of the date of the rejection notice. (ECF

11  No. 1 at 25.)

12         Petitioner filed another appeal to the Central Office, Central Office Remedy Appeal

13  1165506-A2, that was denied on December 4, 2023, because the appeal of the rejection was

14  untimely, Petitioner did not provide staff verification stating that the untimeliness was not

15  Petitioner's fault, and Petitioner did not provide a copy of the DHO report he wished to appeal or

16  identify the charges and date of the DHO action. (ECF No. 1 at 28.)

17         Respondent argues that the petition should be dismissed for failure to exhaust

18  administrative remedies. (ECF No. 12 at 4–5.) Generally, dismissal for failure to exhaust

19  administrative remedies is appropriate where a petitioner "attempted to appeal the BOP's

20  decisions, [and] the record shows that the BOP rejected his appeals because they did not meet

21  BOP requirements." Reynolds v. McGrew, 594 F. App'x 377, 378 (9th Cir. 2015). However, in

22  Ground One of the petition, Petitioner claims that he never received a copy of the DHO report,

23  which would excuse Petitioner's failure to exhaust. As discussed in more detail in section II(D),

24  *infra*, it is unclear whether Petitioner received a copy of the DHO report and an evidentiary

25  hearing is required to make that determination.

26         **B.  Due Process Protections in Prison Disciplinary Proceedings**

27         "The Supreme Court established in Wolff v. McDonnell that there are procedural due

28  process rights that a prisoner must be afforded in the context of a prison disciplinary proceeding

3

1   prior to being deprived of a protected liberty interest." Melnik v. Dzurenda, 14 F.4th 981, 985

2   (9th Cir. 2021). However, "[p]rison disciplinary proceedings are not part of a criminal

3   prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."

4   Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The minimum procedural requirements that

5   must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the

6   prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

7   defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for

8   taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary

9   evidence in his defense, when permitting him to do so would not be unduly hazardous to

10  institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is

11  illiterate or the issues presented are legally complex. Id. at 563–71. In addition, "some evidence"

12  must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455

13  (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703,

14  705 (9th Cir. 1987).

15         **C.  Claims Regarding Administrative Remedy Process**

16         In Grounds Two through Four, Petitioner asserts various deficiencies regarding how his

17  administrative remedies were processed by the Western Regional Office and the Central Office.

18  (ECF No. 1 at 6–7.) However, a prisoner's "right to due process [i]s violated only if he was not

19  provided with process sufficient to meet the Wolff standard" and does not "require[ ] the prison

20  to comply with its own, more generous procedures." Walker v. Sumner, 14 F.3d 1415, 1420 (9th

21  Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Further,

22  "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."

23  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640

24  (9th Cir. 1988)). Accordingly, the Court finds that Petitioner is not entitled to habeas relief on

25  Grounds Two through Four.

26         **D.  Failure to Provide Petitioner with a Copy of the DHO Report**

27         In Ground One of the petition, Petitioner asserts that he was not "provid[ed] a DHO

28  report within the time frames set forth in Program Statement 5270.09, Chapter 5, 541.8" and still

1    has "not received the DHO [report] to this date." (ECF No. 1 at 6.) Although due process does

2    not "require[ ] the prison to comply with its own, more generous procedures," it must comply

3    with the Wolff standard, Walker, 14 F.3d at 1420, and the Court construes Ground One as raising

4    a due process claim for the failure to provide Petitioner with a copy of the DHO report. See

5    United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that

6    pro se filings however inartfully pleaded are held to less stringent standards than formal

7    pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally.

8    This duty applies equally to pro se motions and with special force to filings from pro se

9    inmates." (internal quotation marks and citations omitted)).

10          The DHO report itself has a notation that the report was emailed/delivered to Petitioner

11   on April 17, 2023 at 11:30 a.m. (App. 21.) In one of his administrative remedy requests,

12   Petitioner notes that the "DHO files his responses electronically as he is not present at Mendota

13   FCI. It is the staff at Mendota that is responsible for ensuring inmates are delivered their DHO

14   reports. Whomever this staff member is, is not doing their job. Many individuals, including

15   myself, have not and are not being delivered their DHO reports within 15 working days or if at

16   all." (ECF No. 1 at 27.)

17          In its denial of relief, the Western Regional Office stated that "to ensure your due process

18   rights are satisfied, we have taken the liberty to provide you with a copy of your DHO Report."

19   (EC No. 1 at 17.) However, Petitioner alleges that the DHO report in fact was not included in the

20   Western Regional Office's response and he had his "Counselor witness the report was not

21   included when he gave me the denial paper's [sic]." (Id. at 10, 13.) Petitioner contends that he

22   has not received the DHO report as of the time he filed the instant habeas petition. (Id. at 6, 13.)

23          Respondent has submitted a copy of an email, dated April 17, 2023, sent by DHO Tyson

24   that states that the incident reports for hearings conducted on April 5, 2023 are attached, contains

25   a notation to "Please ensure the inmate is given a copy[,]" and shows an attachment entitled

26   "3745484-CLARK-DHO Rpt-115.pdf." (ECF No. 15-1 at 2.) Respondent has also submitted the

27   declaration of Matthew Haste, a Unit Manager at FCI Mendota, which states that he received the

28   above email from DHO Tyson. Although Mr. Haste "do[es] not have any recollection of giving

1 the requested report to" Petitioner because the email was sent over a year ago, "at this current

2 juncture, if [Haste] were to receive similar requests for assistance from the DHO, [he] would

3 print out the DHO report and deliver a copy of the report to the appropriate receiving party or

4 assign another staff member to hand deliver the report to the appropriate receiving party." (ECF

5 No. 15-1 at 4.)

6      "Where documentary evidence provides a sufficient basis to decide a petition, the court is

7 within its discretion to deny [an evidentiary] hearing." Runningeagle v. Ryan, 825 F.3d 970, 990

8 (9th Cir. 2016) (citing Phillips v. Ornoski, 673 F.3d 1168, 1179 (9th Cir. 2012)). However,

9 "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be

10 conclusive[.]" Blackledge v. Allison, 431 U.S. 63, 82 n.25 (1977) (quotation marks and citations

11 omitted). "In deciding whether to grant an evidentiary hearing, a federal court must consider

12 whether such a hearing could enable an applicant to prove the petition's factual allegations,

13 which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550

14 U.S. 465, 474, (2007).

15      Petitioner alleges he never received a copy of the DHO report and has provided copies of

16 multiple administrative remedy requests in which Petitioner states that he never received a copy

17 of the DHO report. (ECF No. 1 at 14–16, 18, 27.) Although Respondent submitted a declaration

18 from the Unit Manager who received an emailed copy of Petitioner's DHO report from the

19 hearing officer, the Unit Manager did not have any recollection of giving the DHO report to

20 Petitioner. Accordingly, the Court finds that the documentary evidence does not provide a

21 sufficient basis to decide the issue and that an evidentiary hearing, in which the Court can assess

22 credibility, could enable Petitioner to prove that he never received a copy of the DHO report,

23 which would entitle Petitioner to federal habeas relief.

24 **III.**

25 **RECOMMENDATION & ORDER**

26     Based on the foregoing, the Court HEREBY RECOMMENDS that:

27    1. An evidentiary hearing be held on Ground One (failure to provide Petitioner a copy of the

28       DHO report); and

1    2.  Grounds Two through Four of the petition be DENIED.

2        Further, the Clerk of Court is DIRECTED to randomly assign this action to a District

3  Judge.

4        This Findings and Recommendation is submitted to the assigned United States District

5  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

6  Rules of Practice for the United States District Court, Eastern District of California. Within

7  **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

8  written objections with the Court, **limited to fifteen (15) pages in length, including any**

9  **exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and

10  Recommendation." Replies to the objections shall be served and filed within fourteen (14) days

11  after service of the objections. The assigned United States District Court Judge will then review

12  the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that

13  failure to file objections within the specified time may waive the right to appeal the District

14  Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

15  Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16

17  IT IS SO ORDERED.

18  Dated:  **November 21, 2024**

         STANLEY A. BOONE
19        United States Magistrate Judge

20

21

22

23

24

25

26

27

28

7