UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSEL BRUCE CLARK,

Petitioner,

v.

WARDEN, FCI MENDOTA,

Respondent.

No. 1:24-cv-00211-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS IN PART

(Doc. 17)

Petitioner Russel Bruce Clark is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner raises the following claims for relief: (1) prison officials failed to provide petitioner with the Discipline Hearing Officer ("DHO") report within the time frames set forth in the Bureau of Prisons Program Statement 5270.09, Chapter 5, 541.8; (2) the Western Regional Office failed to enter petitioner's BP–10 into SENTRY the day it was received; (3) the Western Regional Office violated due process under Program Statement 1330.18; and (4) the Central Office violated due process when it rejected petitioner's appeal because he did not provide a copy of the DHO report. Doc. 1.

On November 21, 2024, the assigned magistrate judge issued findings and

recommendations that recommended denying Grounds Two through Four of the petition and holding an evidentiary hearing on Ground One. Doc. 17. Both parties filed objections to the findings and recommendations. Docs. 19, 21.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including the parties' objections, the Court adopts the findings and recommendations in full. The findings and recommendations correctly concluded that habeas relief should be denied on Grounds Two through Four and that an evidentiary hearing is appropriate on Ground One.

"Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). In addition, "some evidence" must support the decision of the hearing officer, *id.* at 455, and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

In Ground One, petitioner asserts that his due process rights were violated because the prison failed to provide him with the post-hearing DHO report which summarized the findings of the disciplinary hearing. Ground One therefore asserts that the prison did not provide him with "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454.

Respondent, the warden of FCI Mendota, filed objections and argues that there is no "constitutional right violation for failure to provide a written description of evidence under *Wolff* after the DHO hearing," and the findings and recommendations "rest[] on [a] mistaken reading of *Wolff* as to pre-hearing written evidence and charge notice that the BOP must provide." Doc. 19 at 4. Respondent is incorrect. The third requirement of *Wolff*, noted above, is that the inmate be provided a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454. The requirement of "a written statement is crucial"

for two reasons: "to provide a basis for review," and "to ensure that the [prison hearing officer or board] will act fairly." *Wolff*, 418 U.S. at 565 (Douglas, J., concurring). The Due Process Clause imposes this post-hearing requirement because "the actions taken at such proceedings may involve review by other bodies," and "[w]ritten records of proceedings will . . . protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding." *Wolff*, 418 U.S. at 565. For example, the prison discipline proceedings "might furnish the basis of a decision by [prison administrators] to transfer an inmate to another institution." *Id.* "Without written records, the inmate will be at a severe disadvantage in propounding his own cause [] or defending himself from others." *Id.* Respondent argues that "the [assigned magistrate judge], without basis, falsely construed a constitutional due process right of service of process of the final DHO Report after completion of the DHO hearing." Doc. 19 at 3–4. To the contrary, the assigned magistrate judge correctly recognized that the provision of the DHO Report after the hearing is one of *Wolff*'s requirements.

The findings and recommendations also correctly concluded that an evidentiary hearing is necessary to resolve the factual dispute of whether petitioner was served with the DHO Report. As the magistrate judge explained, "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . . ." *Blackledge v. Allison*, 431 U.S. 63, 82 n.25 (1977) (quotation marks and citations omitted). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, (2007). Respondent argues that petitioner was served, and points to some evidence that tends to show that he was, such as a notation on the original DHO Report saying it was served on petitioner. Doc. 19-1 at 7. Petitioner, however, disputes that he received the Report, Doc. 1 at 14–16, 18, 27, and the BOP unit manager's declaration indicated the manager could not recall whether he provided the report to petitioner. The magistrate judge therefore reasonably concluded that an evidentiary hearing was warranted to decide the issue.

Turning to Grounds Two through Four, the findings and recommendations correctly

concluded that petitioner should be denied habeas relief on those grounds because a prisoner's "right to due process [i]s violated only if he was not provided with process sufficient to meet the *Wolff* standard" and does not "require[] the prison to comply with its own, more generous procedures." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). Furthermore, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). As the procedures challenged in Grounds Two through Four were all challenges to BOP policies that do not fall within the scope of *Wolff*'s requirements, petitioner is not entitled to habeas relief on those claims. Petitioner's objections fail to point to any error in the findings and recommendations and merely parrot the arguments from his petition. *See* Doc. 21 at 1–4.

Accordingly:

1. The findings and recommendations issued on November 21, 2024, Doc. 17, are ADOPTED in full;
2. Grounds Two through Four of petition for writ of habeas corpus are DENIED; and
3. This matter is REFERRED back to the magistrate judge in order to conduct an evidentiary hearing on Ground One (failure to provide Petitioner a copy of the DHO report).

IT IS SO ORDERED.

Dated: March 27, 2025

UNITED STATES DISTRICT JUDGE