HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
KARA R. OTTERVANGER, CA Bar #354424
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950
Kara_Ottervanger@gmail.com

Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL BRUCE CLARK., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FCI-MENDOTA, <br><br> Respondent. | CASE NO.  1:24-cv-00211-KES-SAB <br><br> **MOTION TO DISMISS PETITION AS MOOT AND STIPULATION TO VACATE FURTHER PROCEEDINGS; ORDER** <br><br> DATE:  July 29, 2025 <br> TIME:   10:00 a.m. <br> JUDGE: Honorable Stanley A. Boone |

Petitioner is in Bureau of Prisons ("BOP") custody at FCI-Mendota serving a sentence imposed by the United States District Court for the Eastern District of Washington. On March 14, 2023, while in BOP custody, Petitioner Clark was charged with a BOP Code 115 violation. On April 5, 2023, a disciplinary hearing was conducted. After the hearing, Petitioner Clark was found to have committed the Code 115 violation. On February 16, 2024, Petitioner Clark filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming, as relevant here, that he was not properly served a copy of the final hearing report. *See generally* ECF 1, 17. As relief for the alleged due process violation, Petitioner Clark demanded restoration of the good time credit sanction (41 days) and expungement of the Code 115 violation. ECF 1 at 7. Upon determining that there were grounds for an evidentiary hearing, the Court appointed the Federal Public Defender's Office on April 8, 2025.

//

On June 5, 2025, counsel for the Respondent provided undersigned with a declaration of Jolene M. Harcrow, Deputy Regional Counsel of BOP at the Western Regional Office. *See* Attachment A. In this declaration, Ms. Harcrow attests that the "Western Regional Office elected to expunge the Incident Report from the disciplinary record of Petitioner and restore 41 days good conduct time (GTC) that had been previously disallowed." *Id*. at 2. Attached to the declaration was a "true and correct copy" of Petitioner Clark's Chronological Disciplinary Record, generated May 28, 2025, which revealed no documented disciplinary incidents. *Id*. at 2, 3. Also attached to the declaration was a "true and correct copy" of Petitioner Clark's Sentence Monitor GCT Data Record, generated on May 28, 2025, which reveals "162 days of GCT, which includes 41 days of previously disallowed GCT, which was reinstated." *Id*. at 2, 4.

Based on the foregoing, Petitioner Clark has obtained the relief demanded, rendering the pending habeas petition moot. Accordingly, Petitioner Clark hereby moves to dismiss his petition.

Further, Petitioner Clark and Respondent have conferred and hereby stipulate that no further proceedings are warranted. Accordingly, the parties move this Court to vacate all further proceedings in this case, including the evidentiary hearing scheduled for July 29, 2025, and all attendant deadlines.

DATED: June 10, 2025,  HEATHER E. WILLIAMS
Federal Defender

*/s/Kara R. Ottervanger*
KARA R. OTTERVANGER
Counsel for Petitioner
RUSSEL B. CLARK

DATED: June 10, 2025,  MICHELE BECKWITH
Acting United States Attorney

*/s/Michelle Rodriguez*
MICHELLE RODRIGUEZ
Assistant United States Attorney

Motion to Dismiss 2241 as Moot;
Stipulation to Vacate Future Proceedings

2

**O R D E R**

Good cause having been presented to the Court, and good cause appearing, Petitioner's motion to dismiss the petition is **GRANTED**, and the petition for writ of habeas corpus is hereby **DISMISSED** without prejudice.

The evidentiary hearing scheduled for July 29, 2025, and all accompanying deadlines, are hereby **VACATED**, and the Court orders the Clerk to close the case.

IT IS SO ORDERED.

Dated:   June 11, 2025

_____
UNITED STATES DISTRICT JUDGE